UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUNT STYLE LLC, | ) ) ) Civil Action No.: ) |
| Plaintiff, | ) JUDGE: ) |
| v. | ) **JURY DEMAND** ) |
| TWD, LLC, | ) ) |
| Defendant | ) ) ) |

**COMPLAINT**
**FOR TRADEMARK INFRINGEMENT AND RELATED ACTIONS**

Plaintiff, Grunt Style LLC ("Grunt Style"), by and through its attorneys, Olson & Cepuritis, Ltd, for its complaint against TWD, LLC ("TWD") alleges as follows:

**NATURE OF THE ACTION**

1. Grunt Style is a leader in the manufacture, production and sale of patriotic apparel and related goods. In 2009, Mr. Daniel Alarik, a veteran of the United States Army and former Drill Sergeant, began selling apparel out of his car. From that beginning, Mr. Alarik founded Grunt Style and has continued to grow it into one of the largest veteran owned and operated companies in the United States. Grunt Style currently employs over 115 veterans of the United States Armed Forces, and designs and manufactures all of its apparel in the United States.

2. Since at least as early as 2011, Grunt Style has manufactured clothing bearing the trademark THIS WE'LL DEFEND, and it continues to utilize that mark on and in association with its clothing today.

3. Grunt Style brought this action because TWD has been and continues to utilize Grunt Style's trademark THIS WE'LL DEFEND on, and in association with its sale of, t-shirts.

4. Grunt Style has prior and superior rights in the trademark THIS WE'LL DEFEND at least with respect to TWD.

5. TWD has asserted that it owns the federal trademark registration for the words THIS WE'LL DEFEND (US Trademark Reg. No. 4880766) ("the '766 registration").

6. The application for the '766 registration identifies December 23, 2014 as the date of first use and December 23, 2014 as the date of first use in commerce.

7. The application of the '766 registration was filed after Grunt Style obtained common law trademark rights in THIS WE'LL DEFEND.

8. TWD has asserted that Grunt Style's use of THIS WE'LL DEFEND infringes its trademark rights.

9. TWD has demanded that Grunt Style cease and desist all trademark use of THIS WE'LL DEFEND on clothing.

10. There presently exists a justiciable controversy regarding Grunt Style's right to make, use, and sell clothing and other products bearing the trademark THIS WE'LL DEFEND free of any allegation by TWD that such conduct constitutes an infringement of any trademark rights allegedly owned by TWD.

11. Grunt Style used its trademark, THIS WE'LL DEFEND, on clothing prior to December 23, 2014 and sold clothing bearing that trademark across the United States prior to December 23, 2014. Grunt Style has senior and superior rights in the trademark THIS WE'LL DEFEND at least with respect to TWD.

12. TWD's unauthorized and infringing use of Grunt Style's trademark, including the

'766 registration, is likely to cause confusion, harm to the public, and damage Grunt Style's valuable rights.

13. To address these concerns, Grunt Style brings this civil action seeking declaratory judgment of invalidity of the '766 registration, declaratory judgment of noninfringement of the '766 registration, damages and injunctive relief for trademark infringement and willful trademark infringement under the laws of the United States, 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), Illinois Deceptive Trade Practices Act (815 ILCS §§ 510/1, *et seq.*), Illinois common law, and the California Unfair Competition Law, Business and Professions Code (Cal. Bus. & Prof. Code § 17200, *et seq.*).

## THE PARTIES

14. Grunt Style is a limited liability company with its principal place of business in Carol Stream, Illinois.

15. Upon information and belief, TWD is a California limited liability company with its principal place of business at 6801 White Lane Suite E2, Bakersfield, California, 93309.

## JURISDICTION AND VENUE

16. Grunt Style's principal place of business is located at 400 E. Fullerton Ave, Carol Stream, Illinois, 60188.

17. Mr. Daniel Alarik is the sole member of Grunt Style, and he is a resident of the state of Texas.

18. Upon information and belief, Tim Bauer and Luke Bauer are the only members of TWD and each is a resident of Bakersfield, California.

19. This Court has jurisdiction over Grunt Style's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 2201, 2202, 1331, 1338, and 1367. Grunt Style's claims arise under the

Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), Illinois common law, Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510 *et seq.*), and California Unfair Competition Law, Business and Professions Code (Cal. Bus. & Prof. Code § 17200, *et seq.*). This Court has supplemental jurisdiction over Grunt Style's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. On March 1, 2018, a representative of TWD addressed a letter to Grunt Style at 400 E. Fullerton Ave, Carol Stream, Illinois, 60188 and sent that letter to Grunt Style via email at customerservice@gruntstyle.com ordering Grunt Style to "cease all trademark use of 'THIS WE'LL DEFEND' on clothing" (the "cease and desist letter") and sent a copy of the letter to the undersigned counsel. See Exhibit A, enclosures excluded.

21. The cease and desist letter threatened that "litigation against [Grunt Style] is likely" and that Grunt Style therefore "must preserve evidence that [Grunt Style] knows or reasonably should know is relevant to the action."

22. On information and belief, TWD owns and operates the website www.thiswelldefend.com.

23. TWD advertises and offers to sell products bearing the mark THIS WE'LL DEFEND to persons in Illinois through its website www.thiswelldefend.com.

24. TWD has sold and shipped its t-shirts bearing the mark THIS WE'LL DEFEND to Illinois.

25. Personal jurisdiction over TWD is proper because TWD purposefully directed advertising, and sold and shipped products bearing the mark THIS WE'LL DEFEND to residents

of and in Illinois and purposefully directed threats of legal action against Grunt Style in Illinois.

26. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred, or a substantial part of the property that is the subject of the action is situated, in Illinois.

## GENERAL ALLEGATIONS

### I. Grunt Style and Its Trademark

27. Grunt Style is one of the largest veteran-owned and operated clothing companies in the United States.

28. The primary market for Grunt Style products is veterans and patriots.

29. Grunt Style owns and operates the website www.gruntstyle.com on which it sells a variety of different clothing and products.

30. Grunt Style has operated the www.gruntstyle.com to sell its clothing and other products since at least February of 2010.

31. Since at least 2011, Grunt Style's clothing has born the trademark THIS WE'LL DEFEND to serve as a source identifier to individuals purchasing the products.

32. One example of Grunt Style's use of its mark is as follows:



33. A second example of Grunt Style's use of its mark is as follows:



34. A third example of Grunt Style's use of its mark is as follows:



35. Grunt Style has invested considerable time and money in developing, promoting, and advertising its trademarks, including THIS WE'LL DEFEND.

36. As a result of, Grunt Style enjoys extensive and valuable common law trademark rights and goodwill in the THIS WE'LL DEFEND mark.

6

37. On September 12, 2015, Grunt Style filed United States Trademark Application Serial No. 86755035 for the trademark THIS WE'LL DEFEND based on its long history of use in commerce. See Exhibit B.

38. The Trademark Office issued a rejection of Application Ser. No. 86755035 on January 7, 2016 in view of the '766 registration.

39. Grunt Style first became aware of TWD upon receipt of the Trademark Office's rejection on January 7, 2016.

II. **TWD's Wrongful Acts**

40. TWD, LLC was formed in February of 2015.

41. On information and belief, TWD owns and operates the website www.thiswelldefend.com.

42. TWD advertises and offers to sell products bearing the mark THIS WE'LL DEFEND to persons in Illinois through its website www.thiswelldefend.com.

43. One example of TWD's use of the mark THIS WE'LL DEFEND is as follows (See Exhibit C):



44. TWD filed United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND on May 28, 2015. See Exhibit D.

45. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark was December 23, 2014.

46. On information and belief, TWD's statement to the United States Patent and Trademark Office that December 23, 2014 was the date that TWD, LLC first used the THIS WE'LL DEFEND mark is true.

47. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark in commerce was December 23, 2014.

48. On information and belief, TWD's statement to the United States Patent and Trademark Office that December 23, 2014 was the date that TWD, LLC first used the THIS WE'LL DEFEND mark in commerce is true.

49. On information and belief, TWD did not use the THIS WE'LL DEFEND mark prior to December 23, 2014.

50. United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND registered as US Trademark Reg. No. 4880766 on January 5, 2016. See Exhibit D.

51. On or before March 1, 2018, TWD had knowledge of United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND.

52. Although Application Serial No. 86643151 identified a date of first use of the mark THIS WE'LL DEFEND by Grunt Style that was years prior to the date of first use of the mark THIS WE'LL DEFEND by TWD, TWD sent Grunt Style a cease and desist letter on March 1, 2018.

53. By that letter, TWD demanded that Grunt Style cease all trademark use of THIS WE'LL DEFEND on clothing.

54. TWD asserted that Grunt Style is clearly using THIS WE'LL DEFEND in an infringing trademark manner on clothing.

55. TWD asserts that Grunt Style's use of the mark THIS WE'LL DEFEND on clothing is likely to cause confusion with TWD's use of the mark THIS WE'LL DEFEND.

56. TWD asserted that litigation against Grunt Style is likely.

57. TWD asserts that this dispute over the use of the mark THIS WE'LL DEFEND on clothing makes this an exceptional case.

58. Prior to March 1, 2018, TWD has advertised, made, and sold products bearing the mark THIS WE'LL DEFEND.

59. After March 1, 2018, although Application Serial No. 86643151 identified a date of first use of the mark THIS WE'LL DEFEND by Grunt Style that was years prior to the date of first use of the mark THIS WE'LL DEFEND by TWD, TWD, with full knowledge of, and willful disregard of Grunt Style's superior common law trademark rights, has continued to advertise, make, and sell products bearing the mark THIS WE'LL DEFEND.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of US Federal Trademark Reg. No. 4880766 Pursuant to 28 U.S.C. §§ 1119, 2201 and 2202)**

60. Grunt Style reiterates the allegations of each of the preceding paragraphs as if fully set forth herein.

61. Grunt Style has been using the mark THIS WE'LL DEFEND on its clothing since at least 2011.

9

62. TWD filed United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND on May 28, 2015. See Exhibit D.

63. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark was December 23, 2014.

64. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark in commerce was December 23, 2014.

65. On information and belief, TWD did not use the THIS WE'LL DEFEND mark prior to December 23, 2014.

66. United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND registered as US Trademark Reg. No. 4880766 on January 5, 2016. See Exhibit D.

67. Grunt Style's use of the mark THIS WE'LL DEFEND in commerce on is clothing predates the earliest date of use of the mark by TWD on clothing.

68. Grunt Style continues to use the mark THIS WE'LL DEFEND in commerce on its clothing to identify its clothing to customers.

69. Grunt Style has prior and superior rights in the mark THIS WE'LL DEFEND as against TWD's junior use of that mark.

70. TWD has asserted that there is a likelihood of confusion between Grunt Style's use of the mark THIS WE'LL DEFEND on its clothing and TWD's use of the mark THIS WE'LL DEFEND on TWD's clothing.

71. There is a likelihood of confusion between Grunt Style's use of the mark THIS WE'LL DEFEND on its clothing and TWD's use of the mark THIS WE'LL DEFEND on TWD's clothing.

72. On March 1, 2018, TWD threatened litigation against Grunt Style based on Grunt Style's use of the mark THIS WE'LL DEFEND.

73. Grunt Style is entitled to a declaratory judgment that US Trademark Reg. No. 4880766 is invalid at least due to Grunt Style's prior and superior rights to the mark THIS WE'LL DEFEND.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of US Federal Trademark Reg. No. 4880766 Pursuant to 28 U.S.C. §§ 2201 and 2202)

74. Grunt Style reiterates the allegations of each of the preceding paragraphs as if fully set forth herein.

75. Grunt Style has been using the mark THIS WE'LL DEFEND on its clothing since at least 2011.

76. TWD filed United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND on May 28, 2015.  See Exhibit D.

77. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark was December 23, 2014.

78. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark in commerce was December 23, 2014.

79.  On information and belief, TWD did not use the THIS WE'LL DEFEND mark prior to December 23, 2014.

80. United States Trademark Application Serial No. 86643151 for the mark THIS WE'LL DEFEND registered as US Trademark Reg. No. 4880766 on January 5, 2016.  See Exhibit D.

81. Grunt Style's use of the mark THIS WE'LL DEFEND in commerce on is clothing predates the earliest date of use of the mark by TWD on clothing.

82. Grunt Style continues to use the mark THIS WE'LL DEFEND in commerce on its clothing to identify its clothing to customers.

83. Grunt Style has prior and superior rights in the mark THIS WE'LL DEFEND as against TWD's junior use of that mark.

84. US Trademark Reg. No. 4880766 is invalid.

85. On March 1, 2018, TWD threatened to litigation against Grunt Style based on Grunt Style's use of the mark THIS WE'LL DEFEND.

86. Grunt Style is entitled to a declaratory judgment that it does not infringe US Trademark Reg. No. 4880766 by its use of the mark THIS WE'LL DEFEND in commerce on Grunt Style's clothing.

## THIRD CLAIM FOR RELIEF
### (Violations of the Lanham Act (35 U.S.C. § 1125))

87. Grunt Style realleges the allegations of the preceding paragraphs as if fully set forth herein.

88. TWD's acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of TWD with Grunt Style, or as to the origin, sponsorship, or approval of TWD's goods, services, or commercial activities by Grunt Style in violation of 15 U.S.C. § 1125(a)(1)(A).

89. Upon information and belief, TWD's conduct is willful, deliberate, intentional, and in bad faith.

90. This case is an exceptional case.

91. Grunt Style has been, and will continue to be, damaged by TWD's infringement.

92. TWD's acts also greatly and irreparably damage Grunt Style and will continue to damage Grunt Style unless enjoined by the Court such that Grunt Style is without an adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

93. Grunt Style realleges the allegations of the preceding paragraphs as if fully set forth herein.

94. Grunt Style has been using the mark THIS WE'LL DEFEND on its clothing since at least 2011.

95. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark was December 23, 2014.

96. TWD has represented that the date that TWD, LLC first used the THIS WE'LL DEFEND mark in commerce was December 23, 2014.

97. On information and belief, TWD did not use the THIS WE'LL DEFEND mark prior to December 23, 2014.

98. Grunt Style's use of the mark THIS WE'LL DEFEND in commerce on is clothing predates the earliest date of use of the mark by TWD on clothing.

99. Grunt Style continues to use the mark THIS WE'LL DEFEND in commerce on its clothing to identify its clothing to customers.

100. Grunt Style has prior and superior rights in the mark THIS WE'LL DEFEND as against TWD's junior use of that mark.

101. The use of the mark THIS WE'LL DEFEND on TWD's clothing is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of TWD with Grunt Style, or as to the origin, sponsorship, or approval of the goods, services, or

commercial activities of TWD by Grunt Style.

102. TWD's acts also greatly and irreparably damage Grunt Style and will continue to damage Grunt Style unless enjoined by the Court such that Grunt Style is without an adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510 et seq.))

103. Grunt Style realleges the allegations of the preceding paragraphs as if fully set forth herein.

104. TWD has engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of TWD or their products with Grunt Style's products and using deceptive representations or designations of origin in connection with TWD's products.

105. The unauthorized use by TWD of the Grunt Style mark THIS WE'LL DEFEND Trademarks is causing and is likely to cause substantial injury to the public and to Grunt Style, and Grunt Style has no adequate remedy at law for this injury.

106. Grunt Style is entitled to injunctive relief under 815 ILCS § 510/3.

107. On information and belief, TWD was aware of Grunt Style's prior and superior rights in the mark THIS WE'LL DEFEND and knowingly and willfully engaged in deceptive trade practices entitling Grunt Style to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## SIXTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

108. Grunt Style realleges the allegations of the preceding paragraphs as if fully set forth herein.

109. TWD's acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

110. Upon information and belief, TWD was aware of Grunt Style's prior and superior rights in the mark THIS WE'LL DEFEND and its conduct is willful, deliberate, intentional, and in bad faith.

111. TWD's acts are greatly and irreparably damaging to Grunt Style and will continue to damage Grunt Style unless enjoined by the Court such that Grunt Style is without an adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (Violations of California Unfair Competition Law, Business and Professions Code (Cal. Bus. & Prof. Code § 17200, et seq.))

112. Grunt Style realleges the allegations of the preceding paragraphs as if fully set forth herein.

113. TWD is a California company having a principal place of business in California.

114. Grunt Style markets, advertises, sells to, and services clients in the state of California, including marketing, advertising, shipping, and selling clothing bearing the mark THIS WE'LL DEFEND to clients in California.

115. TWD's actions complained of herein are unlawful business acts or practices, constituting unfair competition in violation of California Business and Professions Code § 17200, et seq.

116. As a direct, proximate, and foreseeable result of TWD's wrongful conduct as alleged above, Grunt Style has suffered injury and is entitled to relief, including disgorgement of all revenues, earnings, profits, compensation, and benefits obtained by TWD as a result of TWD's unlawful business acts or practices.

117. TWD's unlawful business acts or practices described above are a serious and continuing threat to Grunt Style, and if TWD is allowed to continue its wrongful conduct, Grunt Style will suffer further immediate and irreparable injury, loss, and damage. In the absence of a permanent injunction, TWD will continue to engage in the wrongful conduct described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Grunt Style respectfully requests that this Court grant it the following relief:

1. Enter judgment that U.S. Federal Trademark Reg. No. 4880766 for the words THIS WE'LL DEFEND is invalid;

2. Enter judgment that Grunt Style's use of the words THIS WE'LL DEFEND on its products does not infringe US Federal Trademark Reg. No. 4880766;

3. Enter judgment that TWD has violated the Lanham Act, 15 U.S.C. §1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional;

4. Enter judgment that this is an exceptional case;

5. Issue a permanent injunction enjoining and restraining TWD and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, unfair competition, or deceptive business

practices, including making, offering for sale, or selling any products that feature marks confusingly similar to Grunt Style's Trademark, THIS WE'LL DEFEND, and any other trademarks owned by Grunt Style;

6. Require TWD to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the Grunt Style's Trademark, THIS WE'LL DEFEND, and any other trademarks owned by Grunt Style;

7. Require TWD to immediately cease sales of the products described above on their website, www.thiswelldefend.com, and in any other locations on the Internet, including other websites owned or operated by TWD or any of their affiliates, and any social media platforms owned or operated by TWD or any of their affiliates;

8. Order TWD to account to Grunt Style all profits wrongfully derived by their unlawful conduct and to pay to Grunt Style:

   a. all monetary actual, statutory damages or both sustained and to be sustained by Grunt Style as a consequence of TWD's unlawful conduct, including lost profits, in an amount to be determined at trial;

   b. all profits, gains, and advantages obtained by TWD from their unlawful conduct;

   c. exemplary damages, including treble damages resulting from TWD's unlawful conduct;

   d. pre-judgment interest on all damages; and

   e. Grunt Style's costs and disbursements in this action, including its reasonable attorney's fees;

9. Direct that TWD file with this Court and serve on counsel for Grunt Style within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant

to 15 U.S.C. § 1116 setting forth in detail the manner and form in which TWD has complied with the injunction; and

10. Order any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Grunt Style respectfully demands a trial by jury of all issues so triable by a jury.

Respectfully submitted

OLSON & CEPURITIS, LTD.

Dated: March 9, 2018

/s/ Matthew De Preter
Matthew De Preter (ID# 6291503)
Kathleen A. Lyons (ID# 6186939)
20 N. Wacker Dr., 36th Floor
Chicago, IL 60606-3113
Tel.: 312-580-1180
Fax: 312-580-1189
mdepreter@olsonip.com
klyons@olsonip.com

Attorneys for Plaintiff Grunt Style LLC